IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| ANDREW MARTIN BRANDT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:24-cv-04089-DGK |
| | ) |
| LELAND DUDEK, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

This case arises from the Commissioner of Social Security's ("the Commissioner") denial of Plaintiff Andrew Martin Brandt's application for disability insurance benefits ("DIBs") under Title II of the Social Security Act, 42 U.S.C. §§ 401–434 (the "Act"). The Administrative Law Judge ("ALJ") found Plaintiff had several severe impairments, including history of T12 burst fracture with T10 to L2 fusion, left clavicle fracture with open reduction internal fixation, mild neurocognitive disorder, unspecified anxiety disorder, major depressive disorder, post-traumatic stress disorder, panic disorder, mood disorder not otherwise specified, cannabis use disorder (mild), alcohol use order (mild), and methamphetamine use disorder in full remission. Nevertheless, the ALJ found he retained the residual functional capacity ("RFC") to perform a range of light work with certain restrictions. The ALJ ultimately found Plaintiff could perform work as a housekeeper, merchandise marker, and garment sorter.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

## Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff filed for DIBs on January 15, 2020, alleging a disability onset date of September 17, 2019, continuing through March 21, 2020 (the "Relevant Period"). The ALJ held a telephone hearing on March 23, 2021, and on May 5, 2021, issued a decision finding Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review on December 31, 2021. Plaintiff appealed that decision to this Court, and on June 6, 2023, the case was remanded back to the Commissioner for further proceedings. The ALJ held another hearing on February 15, 2024, and on March 27, 2024, issued a decision finding Plaintiff was not disabled. Judicial review is now appropriate under 42 U.S.C. § 405(g).

## Standard of Review

The Court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole and whether the ALJ committed any legal errors. *Igo v. Colvin*, 839 F.3d 724, 728 (8th Cir. 2016). Substantial evidence is less than a preponderance but is enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the Court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The Court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015); *see Biestek v. Berryhill*, 139 S. Ct. 1148, 1157 (2019) (noting the substantial evidence standard of review "defers to the presiding ALJ, who has seen the hearing up close"). The Court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not

outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

**Discussion**

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A).

Here, Plaintiff alleges the ALJ erred at Step Four in determining his RFC and at Step Five in finding he could perform other work existing in the national economy.

Before addressing these arguments, the Court notes a unifying deficiency across most arguments. Plaintiff repeatedly cherry picks record evidence that supports a finding of disability, while ignoring or downplaying the evidence that supported the ALJ's decision. These arguments not only mischaracterize the record and the ALJ's thorough decision, but effectively invite the Court to do what it cannot: "reweigh the evidence presented to the ALJ or try the issue in this case de novo." *Dols v. Saul*, 931 F.3d 741, 746 (8th Cir. 2019) (internal quotation marks omitted). Plaintiff's kitchen sink approach also forces the Commissioner to expend considerable time and resources scouring the record and caselaw to refute his meritless arguments. As best the Court can tell, this appears to be an attempt to overwhelm the Commissioner and get him to agree to a remand rather than respond to Plaintiff's voluminous arguments.

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 404.1520(a)–(g). Through Step Four of the analysis the claimant bears the burden of showing that she is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

If Plaintiff's counsel takes this approach in future cases the Court will summarily affirm the Commissioner's decision and may also impose sanctions under Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and/or the Court's inherent authority.[2] All arguments should be targeted to meritorious issues that are supported by the caselaw and factual record.

I.   **The ALJ did not err at Step Four.**

Plaintiff argues his RFC is not supported by substantial evidence because the ALJ: (1) failed to explain why she omitted certain limitations from the State's psychological consultants' opinions from the RFC; (2) failed to assess the RFC on a function-by-function basis; and (3) failed to otherwise support her findings. Plaintiff's arguments are unavailing.

### A. The ALJ did not err in formulating the RFC.

Plaintiff contends the ALJ violated Social Security Ruling ("SSR") 96-8p by failing to explain why she omitted certain limitations from the State's psychological consultants' opinions from the RFC after finding those opinions partially persuasive. Specifically, Plaintiff criticizes the ALJ's handling of limitations related to his ability to: (1) concentrate, persist, or maintain pace, (2) carry out simple instructions; (3) complete a normal workday or workweek without interruptions; and (4) balance.

At Step Four, the ALJ formulated the following RFC stating Plaintiff

> had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except for the following nonexertional limitations that reduced the claimant's capacity for light work: could never climb ladders, ropes or scaffolds or be exposed to unprotected heights or hazardous work environments; could no more than occasionally climb stairs or ramps; could no more than occasionally stoop, crouch, kneel or crawl; could no more than frequently reach overhead bilaterally; could no more than frequently engage in tasks

---

[2] Plaintiff's brief structure and arguments here mirror the plaintiff's brief structure and arguments in other recent cases. *See Baumgarden v. King*, 4:24-00035-CV-DGK-SSA, ECF No. 9; *Winegarner v. King*, 4:24-cv-00187-DGK, ECF No. 12. The plaintiffs' counsel of record is not the same in these cases, but it appears that the same attorney drafted the briefs in all three. Plaintiff's counsel is reminded that he should have the attorney who drafted the briefs also sign them along with him.

4

> with the right dominant hand that required handling or fingering; was limited to remembering and carrying out simple, routine tasks and making simple work-related decisions; could not perform production pace tasks that require strict hourly goals; could have no more than frequent contact with supervisors; could have no more than occasional contact with coworkers though no tandem work with coworkers; could have no more than occasional contact with the general public; and should have avoided concentrated exposure to extreme cold, to humidity, and to vibration.

R. at 1305. Plaintiff contends the RFC is not supported by substantial evidence because it does not address the four limitations noted above.

Plaintiff's arguments are unpersuasive. It is well established that an ALJ is "not required to adopt the exact limitations set forth in the opinions she found partially persuasive," so long as substantial evidence supports the RFC. *McKinney v. O'Malley*, No. 23-3220, 2024 WL 1327965, at *1 (8th Cir. Mar. 28, 2024) (per curiam). And under SSR 96-8p, an ALJ must explain why a medical opinion was not adopted *only when* the RFC conflicts with a medical opinion. *See* 1996 WL 374184 at *7. Here, Plaintiff fails to identify any conflict between the RFC and the State's psychological consultants' opinions.

First, the limitations related to Plaintiff's ability to concentrate, persist, maintain pace, or carry out simple instructions are addressed in the RFC. The ALJ articulated that Plaintiff "could not perform production pace tasks that require strict hourly goals," and "was limited to remembering and carrying out simple, routine tasks and making simple work-related decisions." R. at 1305. While these limitations are worded differently than the opinions, they address Plaintiff's identified limitations.

Second, Plaintiff cites no evidence showing the RFC conflicts with limitations regarding his ability complete a normal workday or workweek without interruptions or to balance. As best the Court can tell, the alleged conflict is the ALJ's failure to adopt the limitations themselves. But failure to adopt a limitation does not itself create a conflict. *See Austin v. Kijakazi*, 52 F.4th 723,

5

729 (8th Cir. 2022) ("[T]he ALJ is free to accept some, but not all of a medical opinion." (citations omitted)). This is especially true where, as here, the ALJ thoroughly considered Plaintiff's mental limitations—with extensive citations to the record—and determined the objective medical evidence did not support any greater limitation than those indicated in the RFC. *See* R. at 1309–10. Plaintiff does not challenge these findings, and the Court finds that they are supported by substantial evidence in the record as a whole.

### B. The physical RFC is supported by substantial evidence.

Plaintiff argues his physical RFC is legally flawed because the ALJ: (1) failed to assess his RFC on a function-by-function basis; and (2) erroneously assessed his exertional level first.

These arguments have no merit. The Eighth Circuit has repeatedly held that an ALJ complies with SSR 96-8p even if he or she does not make explicit findings with respect to each functional limitation. *See Kaber v. Kijakazi*, No. 4:22-CV-0494-DGK-SSA, 2023 WL 5821767, at *2 (W.D. Mo. Sept. 8, 2023) (discussing Eighth Circuit cases). And numerous courts in this district—including this one—have repeatedly rejected the argument that a physical RFC is legally flawed if an ALJ assesses the exertional level first. *See id.* at * 3 (collecting cases).

### C. The RFC is otherwise supported by substantial evidence.

Lastly, in an unstructured set of arguments,[3] Plaintiff contends the ALJ erred in various ways in assessing his RFC. Defendant counters with controlling caselaw and record evidence.

All of Plaintiff's arguments lack merit.[4] First, the ALJ did not err when she found Plainitff presented with "greater abnormalities when examined by his acupuncturist than when evaluated by other treatment providers." R. at 1130–1131, 1126–27, 1134, 1138, 1308. Second, the ALJ

---

[3] In future briefs, Plaintiff's counsel shall put arguments in separate sections or subsections with separate headers.

[4] Plaintiff's arguments all either focus on immaterial issues, reference medical records outside the Relevant Period, speculate on evidence not in the record, overlook portions of the ALJ's opinion that address the alleged concerns, or nitpick the ALJ's choice of words.

6

properly considered and assessed the objective medical evidence and treatment notes regarding Plaintiff's alleged problems with his left hip and gait. R. at 824, 1269, 1237, 1300, 1307, 1308. Third, the ALJ properly discounted Plaintiff's allegations of disabling pain based on: (1) the improvement he saw from some medical treatment, R. at 1209, 1214, 1217, 1220, 1221–22, 1308; (2) his conservative treatment, R. at 1307–09; and (3) his daily activities, R. at 1310–11, 1210–17, 1209, 1214, 1217, 1220, 1221–22. *See Wildman v. Astrue*, 596 F.3d 959, 965 (8th Cir. 2010) (discounting credibility based on treatment being effective); *Moore v. Astrue*, 572 F.3d 520, 525 (8th Cir. 2009) (discounting credibility based on treatment being conservative); *Julin v. Colvin*, 826 F.3d 1082, 1087 (8th Cir. 2016) (discounting credibility based on daily activities). Fourth, the ALJ did not err when she did not discuss Plaintiff's EMG report which was largely unremarkable. R. at 1273; *see also Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998) ("Although required to develop the record fully and fairly, an ALJ is not required to discuss every piece of evidence submitted."). Fifth, since the ALJ's RFC assessment was not flawed, neither was his hypothetical to the vocational expert that was based on the RFC. *See Blackburn v. Colvin*, 761 F.3d 853, 860–61 (8th Cir. 2014).

## II. The ALJ did not err at Step Five.

Plaintiff argues the ALJ erred by relying on testimony from a vocational expert ("VE") that conflicted with the Dictionary of Occupational Titles ("DOT"). More specifically, the ALJ presented the VE with a hypothetical consisting of Plaintiff's RFC limitations, including that he should "have no more than occasional contact with the general public." R. at 1356. The VE testified that despite these limitations as well as the others from the hypothetical, the individual could still perform work as a housekeeper, merchandise marker, and garment sorter. *Id.* According to Plaintiff, this testimony conflicts with the DOT because the job of Housekeeper

7

appears to require a person to "render[ ] personal assistance to patrons." Cleaner, Housekeeping, DICOT § 323.687-014. Plaintiff contends the ALJ failed to resolve this apparent conflict.

Plaintiff's argument is unpersuasive. The VE testified that the job of Housekeeper requires no more than occasional interaction with the public. R. at 1358. The ALJ then asked the VE if her testimony was consistent with the DOT. The VE responded that it was, and in the areas the DOT was silent—including the extent of social contact required for the she jobs identified—she relied on her education and background working in the field. Thus, the ALJ clearly resolved any apparent conflicts.

But even if this were not so, the error is harmless because Plaintiff could still perform other work as a merchandise marker and garment sorter. Accordingly, there is no basis to reverse or remand the ALJ's decision here.

## Conclusion

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date: March 3, 2025           /s/ Greg Kays
                              GREG KAYS, JUDGE
                              UNITED STATES DISTRICT COURT